# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-00292-DSC

| | |
|---|---|
| ELLIS LEON WILLIAMS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| CHARLOTTE-MECKLENBURG ) | |
| BOARD OF EDUCATION, ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Summary Judgment," (document #29) and the parties' associated briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636 (c). This Motion is now ripe for the Court's consideration.

After fully considering the arguments, the record, and the applicable authority, the Court denies Defendant's Motion for Summary Judgment, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is employed by Defendant. Plaintiff has asserted one claim for relief alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

## II. STANDARD OF REVIEW

Summary judgment will be granted when the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A genuine issue of material fact exists if a reasonable juror considering the evidence could return a verdict for the non-moving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994).

Although the moving party bears the initial burden of identifying the evidence that demonstrates the absence of a genuine issue of material fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The facts must be viewed in the light most favorable to the non-moving party. There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Ricci v. DeStefano, 557 U.S. 557, 585 (2009) (citations omitted).

"The non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment." Coleman v. United States, 369 F. App'x 459, 461 (4th Cir. 2010) (citing Baber v. Hosp. Corp. of Am., 977 F.2d 872, 875 (4th Cir.1992)). The party asserting that a fact cannot be or is genuinely disputed must cite to particular materials in the record, including depositions, documentary evidence, affidavits and declarations. Fed.R.Civ.P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (emphasis in original).

### III. DISCUSSION

A plaintiff may establish discriminatory intent under Title VII by direct evidence or the burden-shifting analysis from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Thompson v. Potomac Electric Power Co., 312 F.3d 645, 649 (4th Cir. 2002). Plaintiff has no direct evidence of discriminatory intent here, so the analysis must proceed under McDonnell Douglas. Id. To establish a prima facie case of race discrimination in violation of Title VII,

Plaintiff must show: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) that similarly situated employees outside the protected class received more favorable treatment. Coleman v. Md. Ct. of App., 626 F.3d 187, 190 (4th Cir. 2010). If Plaintiff establishes a prima facie case, the burden shifts to Defendant to produce evidence that it took the adverse employment action for a legitimate, non-discriminatory purpose. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07 (1993); Williams v. Cerberonics, Inc., 871 F.2d 452, 455-56 (4th Cir. 1989). If Defendant meets its burden of production, then Plaintiff must prove by a preponderance of the evidence that Defendant's stated reason for the action was in fact a mere pretext for discrimination. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000); St. Mary's Honor Ctr., at 507-08.

Taking the evidence in the light most favorable to Plaintiff, the Court finds that he has established a prima facie case of race discrimination. The Court further finds that at the time of Plaintiff's 2010 performance evaluation, his supervisor Jimmy Chancey knew that Defendant was undergoing a reduction in force and that the evaluation would be used to determine whether Plaintiff or his white comparator would be retained. Prior to meeting with Chancey, Plaintiff submitted a self-evaluation that rated his overall performance as "outstanding." During their March 30, 2010 meeting, Chancey agreed with Plaintiff's self-evaluation. Later that day and after meeting with the white comparator, Chancey informed Plaintiff that he was reducing his overall rating from "outstanding" to "very effective." Chancey pressed Plaintiff to sign the evaluation quickly so that he could submit it to the Human Resources Department. Plaintiff signed the evaluation on March 30, 2010. Chancey signed the evaluation on March 31, 2010. The next day, Plaintiff was informed that his position was being eliminated.

The Court concludes that the timing of the performance evaluation along with other evidence cited in Plaintiff's brief, document #33 at 3-5, 12-15, is sufficient to establish that Defendant's stated non-discriminatory reason for reducing his performance evaluation, paying him a significantly lower salary than his comparator, and including him in the reduction in force was a mere pretext for discrimination.

Therefore, the Court <u>denies</u> Defendant's Motion for Summary Judgment.

## IV.  ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendant's "Motion for Summary Judgment" (document #29) is **DENIED**.

The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED ADJUDGED AND DECREED.**

Signed: September 23, 2014

David S. Cayer
United States Magistrate Judge